UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ASHTON W. THOMAS,

                Plaintiff,

     v.

NORTHWEST IMMIGRATION
DETENTION CENTER, *et al*.,

              Defendants.

CASE NO. 3:20-cv-05039-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 2, 2020

     This civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

     Because plaintiff proceeds *in forma pauperis*, the Court "shall dismiss" plaintiff's claims "at any time" if the complaint does not state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  Here, plaintiff has failed to state a claim upon which relief can be granted against any defendant other than defendant Kevin Wilks, for the reasons discussed herein.

Therefore, the undersigned *sua sponte* recommends the dismissal of all claims other than those brought against defendant Wilks.

## BACKGROUND

Plaintiff, an immigration detainee held at the Northwest Detention Center ("NWDC"), sues NWDC; "GEO"; Neal Clark, allegedly the "Seattle Field Office Director"; and Kevin Wilks, allegedly an ICE officer. Dkt. 5, at 3–4.

Plaintiff alleges that he was taken into custody on December 16, 2019, when he informed defendant Wilks that for religious reasons, plaintiff was vegan.  Dkt. 5, at 5.  However, plaintiff alleges that he was given chicken noodles and was ignored when he informed "the officer" that he was vegan.  Dkt. 5, at 6.  He was only given food late that evening, when he arrived at the Kittitas County Jail.  Dkt. 5, at 6.  The next day, he alleges that on intake at the NWDC, he informed "the officer" that he was vegan due to his religion but was again given a tray including meat and dairy products.  Dkt. 5, at 6.  Plaintiff alleges that he filed kites and grievances and went without food for six days and that he was then informed that no vegan diet was available at NWDC.  Dkt. 5, at 6.  Plaintiff alleges that he went without food for a total of 9 days before he ate some items from the vegetarian meal tray. Dkt. 5, at 6.

Plaintiff also brings a claim of deliberate indifference on the basis that defendant Wilks took his confidential medical files on December 16, 2019, but never returned them. *See* Dkt. 5, at 8, 11. Plaintiff alleges that because his medical files were taken, he was unable to inform doctors what medication he had been prescribed for his broken foot and damaged hip and therefore "went on for days without medication." Dkt. 5, at 8.

Plaintiff further brings a claim of interference with his right to access the courts. *See* Dkt. 5, at 9.  He claims that he asked "NWDC" to print him forms to file a court case, but a guard at

1    first refused to print such forms, until he complained.  *See* Dkt. 5, at 10.

2           After reviewing the complaint, the undersigned directed plaintiff to show cause or amend

3    his complaint if he wished to proceed on the claims against defendants other than defendant

4    Wilks.  *See* Dkt. 6.  Plaintiff has failed to respond to the show cause order.  Therefore, the Court

5    recommends dismissal of the claims other than those against defendant Wilks for the reasons

6    discussed herein.

7                                            **DISCUSSION**

8    **I.  Legal Standard**

9           A complaint must contain a "short and plain statement of the claim showing that the

10   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Mere conclusory statements in a complaint

11   and "formulaic recitation[s] of the elements of a cause of action" are not sufficient.  *See Chavez*

12   *v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012).  "Dismissal can be based on the lack of

13   a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

14   theory."  *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). The pleading

15   must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft*

16   *v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

17          While the Court must accept all the allegations contained in the complaint as true, the

18   Court does not have to accept a "legal conclusion couched as a factual allegation."  *Id.*  When a

19   plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than

20   allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US 519 (1972), *reh'g*

21   *denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en

22   banc) (petitioner should be afforded the "benefit of any doubt").

23

24

1    While the court can liberally construe a plaintiff's complaint, it cannot supply an essential

2    fact that a plaintiff has failed to plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)

3    (quoting *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

4    **II.  Analysis**

5    Because plaintiff brings suit against federal—rather than state—officials, his claims are

6    properly interpreted as "*Bivens*" claims.  *See Bivens v. Six Unknown Named Agents*, 403 U.S.

7    388 (1971).  To state a *Bivens* claim, plaintiff must allege that (1) a right secured by the

8    Constitution of the United States was violated and (2) the alleged violation was committed by a

9    federal actor.  *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).  A *Bivens* claim is not

10   available against a federal agency.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).  A *Bivens* claim

11   must be brought against a federal officer in his or her individual capacity.  *See Robinson v.*

12   *Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994).

13   Here, plaintiff names NWDC as a defendant, but he cannot bring suit against the

14   detention center under *Bivens* for allegedly violating his constitutional rights.  NWDC is not

15   subject to suit under *Bivens* as explained above.  *Accord Graham v. Metro. Det. Ctr.*, No. 14 CV

16   4831 KAM RLM, 2014 WL 4417360, at *2 (E.D.N.Y. Sept. 8, 2014) (no *Bivens* claim against

17   federal detention center).

18   Plaintiff names "GEO," but does not explain what this organization is.  Presumably, he

19   intends to refer to a private contractor operating NWDC.  However, the Supreme Court has

20   expressly barred *Bivens* actions for damages against private contractors with the government.

21   *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  Again, plaintiff's *Bivens* claim is

22   foreclosed.

23   The remaining two defendants appear to be an ICE officer and field director.  Although

24

plaintiff may bring suit against federal officers in their individual capacities for damages under *Bivens*, he must not merely rely on allegations of supervisory liability.  *See Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).  He must explain how each individual defendant, through his own individual actions, violated the Constitution.  *See id.*

Plaintiff relies purely on supervisory liability as the basis for his claim against the field director.  Plaintiff does not explain any particular action by the field officer that lead to the alleged constitutional deprivations.

Therefore, the claims against each of these defendants should be dismissed.  Plaintiff should be granted leave to amend the claims against the field director, since it is not clear that amendment would be futile.  However, the dismissal of GEO and NDWC as defendants should be without leave to amend.

## CONCLUSION

For the reasons set forth above, the Court recommends dismissal of defendants Northwest Immigration Detention Center, GEO, and Neil Clark from this action.  The dismissal of these defendants should be without leave to amend, except the dismissal of Neil Clark.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 2,**

2  **2020,** as noted in the caption.

3      Dated this 11th day of September, 2020.

4

5

6

7      J. Richard Creatura
       United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24